LEHIGH VALLEY RAILROAD COMPANY OF NEW JERSEY, LEHIGH VALLEY HARBOR TERMINAL RAILWAY COMPANY, MORRIS CANAL AND BANKING COMPANY AND LEHIGH VALLEY RAILROAD COMPANY, LESSEE, UNITED REAL ESTATE COMPANY, NATIONAL STORAGE COMPANY, THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, THE LONG DOCK COMPANY, PROSECUTORS, v. THE STATE BOARD OF TAXES AND ASSESSMENT AND THE MAYOR AND ALDERMEN OF JERSEY CITY, RESPONDENTS.

Argued June 8, 1926—Decided October 7, 1926.

1. There are thirty-one separate pieces of property assessed and under review in these cases.    They are all affirmed except two in the Central Railroad of New Jersey group located on New York bay.

2. The Erie elevator track located at the foot of Pavonia avenue, Jersey City, on the Hudson river, should be assessed by the state board of taxes and assessment as railroad property.

3. The printed *per curiam* of the Supreme Court in 98 *N. J. L.* 283, should be struck out, as not part of that case, and prefixed to the *per curiam* in 100 *Id.* 182, as part of that case.

On *certiorari.*

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutors, *Robert J. Bain.*

For the respondents, *Edward P. Stout, Edward L. Katzenbach,* attorney-general, and *Thomas J. Brogan.*

PER CURIAM.

The writs of *certiorari* bring before the court for review seven cases involving thirty-one separate pieces of property assessed for taxation. The assessments are for the years 1921 and 1922. The properties are owned by the prosecutors, but not used for railroad purposes. They are located in the downtown and southern sections of the city, in the tide water basin and in the New York bay zone. The assessments were made by the local assessors of Jersey City under the act of 1918, page 847. The valuations were made as of October 1st in each year. Each assessment was a distinct entity and process. The valuations, however, are substantially the same for each year. The valuations on appeal were confirmed by the Hudson county board of taxation and for the most part by the state board of taxes and assessment. The testimony taken before the state board is returned with the record and consists of three printed volumes. The prosecutors file eleven reasons for setting aside the assessments and valuations which are identical in each case. They may be summarized thus: First, the assessments are excessive, and, second, the assessments are not supported by any evidence. These substantially are the points argued in the prosecutors' brief with the exception of two pieces; one owned by the Long Dock Company, located on the Hudson river and known as the Erie elevator tract, and the second one owned by the Lehigh Valley Harbor

Terminal Railway Company, located on the New York bay. The first piece, that of the Long Dock Company, the Erie elevator tract, block 16, lot B-1, is located at the foot of Pavonia avenue, on the Hudson river, 10.298 acres. The assessment was made as of October 1st, 1921, for the taxes of 1922. The point is made that at that time the property was used for railroad purposes by the Erie Railroad Company. The claim is based upon the fact that prior to 1920 the property was leased to and operated by the Erie company and the lease was canceled on December 31st, 1920, and thereafter the property was used and operated by the Long Dock Company in the Erie Railroad System. This identical property was under consideration by this court and in the Court of Errors and Appeals in the case of taxation of the Erie Railroad Company. 64 N. J. L. 123; 65 Id. 608. In that case it was held that the property was taxable in Jersey City under the General Tax law by the local assessors of Jersey City; but the facts then under discussion were different from the facts now presented in this record. The present case is more like the case of *United New Jersey, &c., Co.* v. *Jersey City,* 57 *Id.* 563. We think this piece of property should have been assessed by the state board of taxes and assessment, as property used for railroad purposes under the act of 1884, and supplements, for the year 1922. It was so assessed for subsequent years. As this class of railroad property has applied to it the same rates as that locally assessed under the act (*Pamph. L.* 1905, *p.* 189), it probably makes little or no difference in the amount of taxes to be paid, under which system it was assessed, as under both systems the taxes are for the use of the municipality and not the state. So it is argued. Blocks 1500 and 1507 consist of 170.181 acres of land, owned by the Lehigh Valley Habor Terminal Railway Company. This land is located on the shore of New York bay, assessed as of October 1st, 1922, for the taxes of 1923 at that time; so it is argued it was a part of the construction of the Lehigh Valley Terminal lands. The terminal had been completed on that day and was used for railroad purposes. The fact that the company had not returned the property to the state board

of taxes and assessment for assessment does not decide the question, citing *Jersey City* v. *Board of Equalization of Taxes,* 74 *N. J. L.* 382.

The answer is the land was not used for railroad purposes January 1st, 1922, as stated in the opinion of the state board.

The solution of this question involves, first, a matter of fact, viz., the ascertainment of the particular purpose for which the property was being used, and, second, a matter of law, viz., whether the ascertained user is or is not a railroad use within the meaning of the act of 1884. *Sisters of Charity* v. *Cory,* 73 *N. J. L.* 699, 705.

The state board in its opinion, at page 48, of volume 3 (taxes 1923 and 1924), found as a fact that the land was not used for railroad purposes on January 1st, 1922—it was being filled and reclaimed from the tides. On that date the improvement was not sufficiently advanced to determine the use to which the land was to be devoted. The character of the improvement at that time rendered the land fit for many purposes other than railroad use. An inspection of the land failed to indicate that it was either in railroad use or being prepared for railroad use. There was nothing to indicate that the land was being put in shape to be used for transportation purposes. After January 1st it was subject to local assessment, as of October 1st of that year. We agree with this determination by the state board of taxes and assessment.

There is no question but that, under the General Tax act of 1918, p. 870, §§ 512, 513, as well as under the *Certiorari* act (*Pamph. L.* 1907, *p.* 95), the Supreme Court has the power to determine questions of fact, as well as questions of law. *Trenton, &c., Traction Corp.* v. *Mercer County Board of Taxation,* 92 *N. J. L.* 398. The assessments to be sustained must be based upon evidence. *Gibbs* v. *State Board of Taxes and Assessment,* 101 *N. J. L.* 371. The Supreme Court has the power when satisfied, that the value of taxable property is assessed too high, to reduce the same to the proper and just amount, as shown by the evidence. The assessments were confirmed by the Hudson county board of taxation. They

were on appeal reduced in part and affirmed in part by the state board of taxes and assessment.

The principles underlying a review by the Supreme Court of the assessments made by the local assessors have been quite fully stated in case No. 204, *Pennsylvania Railroad Co. et al.* v. *State Board of Taxes and Assessment,* the present May term of the court. It would serve no useful purpose to restate them in this series of cases.

The properties assessed, and now under investigation, are as follows:

### LEHIGH VALLEY RAILROAD CASES.

1. (*a*) Block 60, lot 38B, fronting on Washington street, 0.955 acres, assessed at $104,000 or $108,900 per acre, years 1921, 1922, 1923, 1924. The prosecutor says the area of 0.955 acres is erroneous and should be corrected. Corrected to .717 acres and as corrected the assessment is *affirmed.*

(*b*) Block 2145, lot 40B, location Jersey avenue, 4.729 acres, assessed at $103,000, or $21,780 per acre, years 1921, 1922, 1923, 1924. This property is at the innermost end of the tidewater basin. *Affirmed.*

(*c*) Block 2145, lot 41A, Hudson river and New York bay, 8 acres, assessed at $120,000, or $15,000 per acre, 1921, for years 1922, 1923 and 1924, at $144,000, or $18,000 per acre. This is on an extension of the easterly line of Jersey avenue, a short distance easterly from the inshore, end of the tide water basin. *Affirmed.*

### LEHIGH VALLEY HARBOR TERMINAL RAILWAY COMPANY.

2. (*a*) Block 1500, lot 1A, located on New York bay, 2.65 acres, assessed 1921 at $37,763, or $14,250 per acre year 1921; year 1922 assessed $41,738, or $15,750 per acre 1923 and 1924. 2.54 acres assessed $50,800, or $20,000 per acre. This parcel was assembled with lots (*f*) 4B and 7B, block 1507. 276.46 acres assessed 1921 at $3,939,555, or $14,250 per acre; year 1922 assessed at $4,354,245, or $15,750 per acre; year 1923 assessed at $5,529,220, or $20,000 per acre; year 1924

assessed at $2,853,900, or $20,000 per acre. 133,766 acres of this property passed into railroad use, as of January 1st, 1923, and was thereafter assessed by the state board. 170.181 of this land is improved. The assessment of this property was increased owing to improvements made. *Affirmed.*

(*b*) Block 1500, lot 31A, located New York bay, 10.66 acres, assessed year 1921, $151,905, or $14,250 per acre; year 1922 assessed at $167,895, or $15,750 per acre; years 1923 and 1924 assessed at $213,000, or $20,000 per acre. *Affirmed.*

(*c*) Block 1500, lot 4, located New York bay, 187.98 acres, assessed year 1921, $2,678,715, or $14,250 per acre; year 1922, assessed $2,960,685, or $15,750 per acre; year 1923, assessed $3,759,600, or $20,000 per acre; not assessed for the year 1924 by the local assessors, but by the state board. See opinion in case No. 203, May term Supreme Court, 1926. *Affirmed.*

(*d*) Block 1507, lot 3A, located New York bay, 6.32 acres, assessed 1921, $90,060, or $14,250 per acre; year 1922, assessed at $99,540, or $15,750 per acre; year 1923, assessed at $126,400, or $20,000 per acre. It was not assessed in 1924 by the local assessors. *Affirmed.*

(*e*) Block 1507, lot 4A, located New York bay, 2.5 acres, assessed year 1921, $35,625, or $14,250 per acre; year 1922, assessed at $39,375, or $15,750 per acre; year 1923, assessed $50,000, or $20,000 per acre; year 1924, 1.874 acres, assessed at $37,500, or $20,000 per acre. The reason for increasing the valuations on succeeding assessing dates is that the prosecutor was improving the lands by filling, grading, bulkheading and dredging. *Affirmed.*

(*f*) Block 1507, lot 6, located New York bay, 1.03 acres, assessed year 1921, at $14,678, or $14,250 per acre; year 1922, assessed $16,223, or $15,750; year 1923, assessed at $20,600, or $20,000 per acre; year 1924, same as 1922. *Affirmed.*

(*g*) Block 1507, lot 7A, located New York bay, 10.66 acres, assessed for the year 1921, $151,905, or $14,250 per acre; year 1922, assessed at $167,895, or $15,750 per acre;

year 1923, assessed at $202,400 (10.12 acres); year 1924 (10.12 acres) corrected, assessed at $202,400, or $20,000 per acre. *Affirmed.*

(*h*) Block 1507, lot 2L, located New York ·bay, 28.763 acres, assessed for the year 1922, at $452,970, or $15,750 per acre; year 1923 (13.98 acres), assessed at $279,600, or $20,-000 per acre; year 1924, not assessed by the local assessors. *Affirmed.*

(*i*) Block 1507, lot 3, New York bay, .18 of an acre, assessed years 1921, 1922, 1923 at $1,800, or $10,000 per acre; not assessed by the local assessors for the year 1924. *Affirmed.*

(*j*) Block 1507, lot 5, New York bay, .035 of an acre, assessed for the year 1923 at $700, or $20,000 per acre; year 1924, .04 of an acre, assessed at $800, or $20,000 per acre. *Affirmed.*

(*k*) Block 1500, lots 2 and 3, New York bay, 8.47 acres, assessed for the year 1924 at $169,400, or $20,000 per acre. *Affirmed.*

### MORRIS CANAL AND BANKING COMPANY.

3. (*a*) Block 2, lot C, location Hudson street, 6.96 acres, assessed years 1921 and 1922 at $757,000, or $108,920 per acre. This property was acquired by the State of New Jersey and not assessed for the years 1923 and 1924. *Affirmed.*

(*b*) Block 33, lot L, location Hudson street, .577 of an acre, assessed years 1921 and 1922 at $50,200, or $87,120 per acre. This property was acquired by the State of New Jersey and not assessed for the years 1923 and 1924. *Affirmed.*

(*c*) Block 60, lot 37, location Hudson street, 11.25 acres, assessed years 1921 and 1922 at $1,239,150, or $108,920 per acre. This property was acquired by the State of New Jersey and not assessed for the years 1923 and 1924. *Affirmed.*

### UNITED REAL ESTATE COMPANY.

4. (*a*) Block 60, lot 22, location Morris canal, 4.8 acres, assessed years 1921, 1922, 1923 and 1924 at $104,550, or

$21,781 per acre.   These are the same valuations as made in 1920.  *Affirmed.*

(*b*) Block 60, lot 24, location Morris canal, 7.26 acres, assessed for the years 1921, 1922, 1923 and 1924 at $160,-000, or $21,739 per acre.   These pieces of property are in the south cove of Jersey City.  *Affirmed.*

(*c*) Block 1493, lot 1, location Caven Point road, 15 acres, assessed for the years 1921, 1922, 1923 and 1924 at $225,000, or $15,000 per acre.   This is a vacant piece of land near the easterly end of the National Storage terminal of the Lehigh Valley railroad, on the shore of New York bay, behind Bedloe's Island.  *Affirmed.*

### THE NATIONAL STORAGE COMPANY.

5. (*a*) Block 1495, lot 3-C, location New York bay, .785 acres, assessed at $20,300, or $25,860 per acre for the year 1921; for the years 1922, 1923, 1924, at $23,700, or $30,191 per acre.  *Affirmed.*

(*b*) Block 1497, lot 3-D, location New York bay, .785 acres, assessed at $20,300, or $25,860 per acre for the year 1921;  for the years 1922, 1923 and 1924, at $23,700, or $30,191 per acre.  *Affirmed.*

(*c*) Block 1497, lot 3-E, location New York bay, 1.01 of an acre, assessed at $25,700, or $25,445 per acre for the year 1921;  for the years 1922, 1923 and 1924, at $28,700, or $28,415 per acre.  *Affirmed.*

(*d*) Block 1497, lot 3-F, location New York bay, 15.64 acres, assessed at $393,400, or $25,265 per acre for the years 1921, 1922, 1923 and 1924.  *Affirmed.*

### CENTRAL RAILROAD OF NEW JERSEY.

6. (*a*) Block 1497, lot 1, location New York bay, 312.58 acres, assessed at $3,750,960, or $12,000 per acre, for the years 1921 and 1922;  for the years 1923 and 1924 at $4,688,700, or $15,000 per acre.   This property is substantially similar to and adjoins the property purchased by the Lehigh Valley Terminal Railway Company in 1916.  *Affirmed.*

(*b*) Block 2145, lot 48F, location Hudson river and New York bay, 20.95 acres assessed at $1,361,750, or $65,000 per acre for the years 1921, 1922, 1923, 1924. *Affirmed.*

(*c*) Block 2154, lot 22J, location Communipaw avenue and South side, 227.79 acres assessed at (230 acres) $7,475,000, or $32,500 per acre, for the years 1921 and 1922; for the years 1923 and 1924 (227.79 acres) at $7,403,175, or $32,500 per acre. There had been some changes in this property by reason of filling, &c., since October 1st, 1919. This piece should be reduced to $30,000 per acre and affirmed at $30,000 per acre.

(*d*) Block 2134, lot 22J, location Communipaw avenue and North side, 91.219 acres assessed at (90.9 acres) $3,-636,000, or $40,000 per acre for the years 1921 and 1922; for the years 1923 and 1924 (91.219 acres) $3,648,000, or $40,-000 per acre. This property for 1920 was assessed at $30,000 per acre and affirmed by the Supreme Court and the Court of Errors and Appeals. This piece should be reduced to $30,-000 per acre and affirmed at $30,000 per acre.

### THE LONG DOCK COMPANY.

7. (*a*) Block 16, lot B-1, location foot of Pavonia avenue, lower Jersey City, 10.298 acres, assessed at $1,076,640, or $104,540 per acre, assessed as of October 1st, 1921, for the year 1922. This property passed into railroad use in 1923, and thereafter was assessed by the state board as railroad property. This is in connection with the assessment of block lots C-5 and C-6 stock yards. *Affirmed.*

(*b*) Block 16, lot B-10, location foot of Pavonia avenue, 1.045 acres, assessed for the year 1924 at $108,994, or $104,-540 per acre.

The assessed figures in each of the above cases are that to which the assessments were reduced by the state board. *Affirmed.*

A rule may be entered in accordance with the views above expressed.